United States Court of Appeals

For the Eighth Circuit

_____

No. 23-3127

_____

United States of America

*Plaintiff - Appellee*

v.

Shawn Eric Durrah, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern

_____

Submitted: April 8, 2024
Filed: June 5, 2024
[Unpublished]

_____

Before BENTON, ARNOLD, and STRAS, Circuit Judges.

_____

PER CURIAM.

Shawn Eric Durrah, Jr. pled guilty to conspiracy to distribute 50 grams or more of methamphetamine (Count 1) and distribution of 50 grams or more of methamphetamine (Count 2), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)

and 846.  The district court[1] sentenced him to 250 months in prison on each count, to run concurrently.  He appeals.  Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Durrah contends the district court erred in assessing a two-level enhancement for possession of a firearm during a drug trafficking offense under U.S.S.G. § 2D1.1(b)(1).  This court reviews factual findings for clear error and interpretation of the guidelines de novo.  *United States v. Vickers*, 528 F.3d 1116, 1120 (8th Cir. 2008).

Under U.S.S.G. § 2D1.1(b)(1), the court must apply a two-level enhancement if the government proves "by a preponderance of the evidence that the defendant possessed 'a dangerous weapon (including a firearm)' while violating 21 U.S.C. § 841(b)."  *United States v. Savage*, 414 F.3d 964, 966 (8th Cir. 2005), *quoting* U.S.S.G. § 2D1.1(b)(1).  The weapon must be connected to the criminal activity for the enhancement to apply, but the government "need not show that a defendant used or even touched [the] weapon."  *Id*. at 966–67.  It is sufficient that the firearm be "readily accessible" during the illegal activities.  *Id*. at 967.  Although "mere presence" is not sufficient, the enhancement applies "unless it is clearly improbable that the weapon was connected with the offense."  *Id*. at 966.

Durrah claims there was insufficient evidence that he possessed a firearm and that it was connected to drug trafficking activities.  At sentencing, the government recounted the grand jury testimony of a confidential source (CS):

> Looking at the gun enhancement, first we see the grand jury testimony of the defendant—excuse me—the CS, who indicates that every time he dealt with the defendant, he had a 9-millimeter within the center console.  He then threatened him with a gun at some later time in February of 2021.

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

We have the Facebook messages that go from May of 2020 to October of '21, where he is conversing about guns and selling guns; and then we have the Mississippi report in November of 2021, where he is the driver of the vehicle in which there is a firearm in the vehicle.

Applying the enhancement, the district court said:

With respect to the gun, again, here I think even if we don't rely on anything that's contested that the cooperating informant said, I still think there's a preponderance of the evidence that establishes the gun under, Mr. Cole, as you've acknowledged, the very unfavorable case law that exists in the Eighth Circuit about these matters.

First, in paragraph 22, there's the outlining of this traffic stop that happened in November of 2021 when they—law enforcement seized somewhere between 75 and 100 fentanyl pills. Defendant gives them a false statement during that traffic stop, and they end up finding a firearm in that car that he's driving.

Added to that, you've got this search of Defendant's phone and social media accounts that has all this information about him selling drugs and guns. And that's uncontested in paragraph 25, in particular the messages which Ms. Zaehringer highlighted in her sentencing memo, paragraphs 27, subpart (d) through subpart (e).

I find all of that, without the controlled—or the cooperating source's information, is sufficient to establish by a preponderance of the evidence that Defendant possessed a gun in connection with his drug activities, and in particular when you add in then—even if you give limited weight to what the cooperating source said, that just corroborates the other information that isn't contested. So I do find that adjustment applies as well.

"Firearms are tools of the drug trade," and the district court did not err in finding Durrah possessed a dangerous weapon in connection with his drug distribution. *See United States v. Renteria-Saldana*, 755 F.3d 856, 859 (8th Cir. 2014) (holding that a loaded gun at a house with drugs is enough to show a connection between the

firearm and the drug trafficking offense, even if the defendant was not home at the time).

\* \* \* \* \* \* \*

The judgment is affirmed.

_____